IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NETCHOICE, | * | |
| | * | |
| *Plaintiff,* | * | CIVIL ACTION |
| | * | 1:25-CV-02422-AT |
| v. | * | |
| | * | |
| CHRISTOPHER M. CARR, in his official capacity as Attorney General of Georgia, | * * * | |
| | * | |
| *Defendant.* | * | |

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

The United States District Court of Tennessee, Nashville Division, has recently denied Plaintiff NetChoice's Motion for Preliminary Injunction against Tennessee House Bill 1891. *See Netchoice v. Skrmetti*, No. 3:24-cv-01191 (M.D. Tenn. June 18, 2025) ("*Skrmetti* Op."), attached as Exhibit A. The district court denied NetChoice's preliminary injunction motion for reasons which are applicable to the case currently before this Court. Defendant now submits this Notice of Supplemental Authority to support Defendant's opposition to Plaintiff's Motion for Preliminary Injunction to Georgia's SB 351.

As a preliminary matter, the district court in *Skrmetti* found that NetChoice could not rely on irreparable harm to anyone other than Plaintiff to satisfy the requirement of irreparable injury for a preliminary injunction. *Skrmetti* at 9. The court found that "the weight of authority is on Defendant's side….that irreparable injury to a non-party cannot satisfy the irreparable-injury requirement….[t]hus the Court will not treat irreparable harm to Plaintiff's members' users as "irreparable harm" sufficient to satisfy the irreparable-harm requirement for a preliminary injunction." *Id.* Like they did in *Skrmetti*, NetChoice asserts that SB 351 will cause "irreparable harm" to the users of NetChoice's members by impacting their access to speech, and uses that "irreparable harm" as a basis for their preliminary injunction. But NetChoice cannot rely on the irreparable harm of people who are not a party to this action to obtain a preliminary injunction, it must establish irreparable harm to its own members to satisfy that requirement.

Next, *Skrmetti* found that NetChoice's alleged harm was "speculative and theoretical," rather than "certain and immediate" harm necessary to merit a preliminary injunction. *Id.* at 11. In doing so, the court looked to four factors to inform their analysis of whether a threat of enforcement is sufficiently credible to support a claim for pre-enforcement prospective relief: (1) "a history of past enforcement against the plaintiffs or others"; (2) "enforcement warning letters sent

2

to the plaintiffs regarding their specific conduct"; (3) "an attribute of the challenged statute that makes enforcement easier or more likely, such as a provision allowing any member of the public to initiate an enforcement action"; and (4) the "defendant's refusal to disavow enforcement of the challenged statute against a particular plaintiff." *Id.* at 10 (citing *Online Merchs. Guild v. Cameron,* 995 F. 3d 540, 550). Like in the present case, the *Skrmetti* record reflected no history of past enforcement, no warning letters sent to Plaintiff's members, no attribute of the Act that would make its enforcement relatively easy or likely, and no refusal on the part of Defendant to disavow enforcement of the Act until the conclusion of the litigation. *Id.* at 10.

The district court in *Skrmetti* further found that the mere assertion of a chilling effect does not suffice to establish irreparable injury, and that while the harm of "self censorship" like that conceived of in *Virginia v. Am. Booksellers Ass'n* can be realized even without prosecution, such self-censorship is not at issue in the present case. The court could "not see why Plaintiff's member's users would be self-censoring rather than choosing to use or not use Plaintiff's members social-media platforms without giving any thought themselves to what the Act says." *Id.* at 12.

Finally, the district court in *Skrmetti* found that the "burdensome compliance costs" alleged by Plaintiff failed to qualify as irreparable harm for the purposes of obtaining a preliminary injunction. *Id.* at 14 ("[C]ompliance costs are quite ordinary and are routinely borne (even if only reluctantly) by business entities as a natural (if unwelcome) cost of doing business.") Here, similar to *Skrmetti*, NetChoice has failed to show in this present case "that a preliminary injunction would save any of its members a material amount of costs…still less has it shown that such compliance costs affect the existence or the liquidity of any member." *Id.* at 14.

The district court in *Skrmetti* found that for all of the above-mentioned reasons, NetChoice failed to meet the heavy burden required to obtain the extraordinary remedy of a preliminary injunction. All of those reasons apply in this present case. The harms that NetChoice has alleged, such as a chilling effect on speech, and compliance costs to its members, are speculative and theoretical. Even if NetChoice had submitted sufficient evidence to substantiate that these harms were certain and immediate, as required for a preliminary injunction, rather than merely asserting these harms without any evidence as they have done in this case, such harms are not sufficient to obtain the extraordinary relief of a preliminary injunction.

For these reasons, Defendant respectfully asks that this Court deny NetChoice's Motion for Preliminary Injunction.

This 23rd day of June, 2025.

Respectfully submitted,

| | |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| LOGAN WINKLES<br>Deputy Attorney General | 136906 |
| /s/ RILEY LIU<br>RILEY LIU<br>Assistant Attorney General<br>40 Capitol Square, S.W.<br>Atlanta, Georgia 30334-1300<br>Telephone: 404-594-5025<br>E-mail: rliu@law.ga.gov | 879655 |

*Attorneys for Defendant Christopher M. Carr*

## CERTIFICATION OF COMPLIANCE

The undersigned hereby certifies that this notice has been prepared using Microsoft Office version 2503 (2025) and Times New Roman 14-point font in accordance with Local Civil Rules 5.1(C) and 7.1(D).

This 23rd day of June, 2025.

Respectfully submitted,

| | |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| LOGAN WINKLES<br>Deputy Attorney General | 136906 |
| /s/ RILEY LIU<br>RILEY LIU<br>Assistant Attorney General<br>40 Capitol Square, S.W.<br>Atlanta, Georgia 30334-1300<br>Telephone: 404-594-5025<br>E-mail: rliu@law.ga.gov | 879655 |

# CERTIFICATE OF SERVICE

I hereby certify that I have this day filed electronically, the within and foregoing Notice of Supplemental Authority with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Jared B. Magnuson, Esq.
>LEHOTSKY KELLER COHN LLP
>3280 Peachtree Road NE
>Atlanta, Georgia 30305
>
>Steven P. Lehotsky
>Scott A. Keller
>Jeremy Evan Maltz
>Shannon G. Denmark
>LEHOTSKY KELLER COHN LLP
>200 Massachusetts Avenue, NW
>Washington, DC 20001
>
>Joshua P. Morrow
>LEHOTSKY KELLER COHN LLP
>408 W. 11th Street
>5th Floor
>Austin, TX 78701

This 23rd day of June, 2025.

>Respectfully submitted,
>
>/s/ RILEY LIU
>RILEY LIU                879655