# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

NETCHOICE,

*Plaintiff*,

v.

CHRISTOPHER M. CARR, in his official capacity as Attorney General of Georgia,

*Defendant*.

Civil Action No. 1:25-CV-02422-AT

## PLAINTIFF NETCHOICE'S RESPONSE TO
## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Under binding Eleventh Circuit precedent, NetChoice's "'likelihood of success on the merits'" means "'the remaining [preliminary injunction] requirements *necessarily follow*'" in this First Amendment case. ECF 5-1 at 34-35 (emphasis added) (NetChoice motion quoting *Honeyfund.com, Inc. v. Governor*, 94 F.4th 1272, 1283 (11th Cir. 2024)). So the erroneous, outlier decision in *NetChoice v. Skrmetti*, 2025 WL 1710228, at *1 (M.D. Tenn. June 18, 2025), has no bearing on NetChoice's motion for preliminary injunction here. That case did not consider NetChoice's likelihood of success on the merits (as required by circuit precedent) and failed to apply well-worn Supreme Court precedent holding that First Amendment injuries and unrecoverable compliance costs always constitute irreparable harm.

*First*, Defendant's notice of supplemental authority raises new arguments that were not made in his response to NetChoice's motion for preliminary injunction and should therefore be disregarded. *See, e.g.*, *United States v. Silvestri*, 409 F.3d 1311, 1338 n.18 (11th Cir. 2005) (argument raised for first time in notice of supplemental authority waived); *Malivuk v. Ameripark, LLC*, 2016 WL 3999878, at *4 (N.D. Ga. July 26, 2016) (refusing to consider argument raised for the first time in notice of supplemental authority), *aff'd*, 694 F. App'x 705 (11th Cir. 2017).

Defendant's supplemental-authority letter argues, for the first time, that this court should not consider harm to non-parties, that the harm is not sufficiently "certain and immediate," there is no risk of self-censorship, and that the compliance costs incurred by NetChoice's members do not constitute irreparable harm. ECF 31 at 2-4. *None* of those arguments were raised by Defendant in response to NetChoice's motion. This Court should not consider them.

*Second*, *Skrmetti* actually *rejects* the single argument that Defendant's opposition brief did make against irreparable harm in this case. Defendant's only basis for contesting irreparable harm in his opposition was the timing of NetChoice's lawsuit in this case. ECF 23 at 33-34. Likewise, in *Skrmetti*, the Tennessee Attorney General argued that NetChoice could not show irreparable harm based on the timing of when NetChoice sued. 2025 WL 1710228, at *7. But *Skrmetti* rejected that argument, holding that NetChoice's decision to file suit and move for a preliminary

injunction three months before the Tennessee law's effective date was not "probative of whether Plaintiff's members would suffer irreparable injury absent a preliminary injunction." *Id.* The same is true in this case.

*Third*, *Skrmetti*'s ruling that NetChoice's members would not experience irreparable harm absent an injunction prohibiting enforcement of Tennessee's law is wrong for multiple reasons. Tellingly, *Skrmetti* is the only court to have concluded that laws restricting access to social media websites do not create irreparable harm. *E.g.*, ECF 5-1 at 1 (collecting cases).

Fundamentally, *Skrmetti* erred by not addressing and considering the likelihood of success on the merits before evaluating irreparable harm. The Sixth Circuit holds that where a plaintiff "can establish a substantial likelihood of success on the merits of its First Amendment claims, it has also established irreparable harm." *Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 412 (6th Cir. 2014). The same is true in the Eleventh Circuit: "'likelihood of success on the merits' means 'the remaining [preliminary injunction] requirements *necessarily follow*.'" *See* ECF 5-1 at 34-35 (emphasis added) (quoting *Honeyfund.com*, 94 F.4th at 1283).

Furthermore, *Skrmetti* ignored multiple precedents that NetChoice has likewise cited to this Court. It gave short shrift to Supreme Court and Sixth Circuit precedent recognizing the First Amendment rights of NetChoice's members. *See* ECF 5-1 at 2, 7 (NetChoice motion quoting *Moody v. NetChoice, LLC*, 603 U.S. 707, 719

3

(2024)). It also failed to honor the well-established rule that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Id.* at 35 (quoting *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020)). And it minimized precedent holding that compliance costs "with no guarantee of . . . recovery" constitute irreparable harm. *Id.* (quoting *Ala. Ass'n of Realtors v. HHS*, 594 U.S. 758, 765 (2021)).

*Skrmetti* also disregarded unrebutted record evidence similar to the record evidence here. For instance, it glossed over evidence that one of NetChoice's members had already stopped serving minors as a result of Tennessee's law, infringing on both that member's and its users' First Amendment rights. *See Skrmetti*, 2025 WL 1710228, *12 n.24. NetChoice has raised that concern here, too. *See* ECF 5-1 at 35. Likewise, *Skrmetti* ignored record evidence that the compliance costs incurred as a result of that state law would be "far in excess of" member Dreamwidth's "available budget." *See* ECF 9, Mot. for Prelim. Inj. at 25, *Skrmetti*, No. 3:24-cv-01191 (M.D. Tenn.). NetChoice presented that same evidence here too. *See* ECF 5-1 at 35 (for Dreamwidth, "compliance" with Georgia's law "is 'far in excess of [the] available budget,' if not 'impossible.'" (quoting Paolucci Decl. ¶¶ 13, 30)).

Accordingly, this Court should not follow *Skrmetti*'s erroneous holding. Instead, the Court should grant NetChoice's Motion for Preliminary Injunction, ECF 5,

and enjoin Defendant from enforcing the challenged provisions of Georgia Senate Bill 351 against NetChoice's members before the law's July 1, 2025, effective date.

Dated: June 24, 2025

Respectfully submitted,

*/s/ Jared B. Magnuson*

| | |
|---|---|
| Steven P. Lehotsky* (MA 655908) | Jared B. Magnuson (GA 131189) |
| Scott A. Keller* (DC 1632053) | LEHOTSKY KELLER COHN LLP |
| Jeremy Evan Maltz* (DC 155451) | 3280 Peachtree Road NE |
| Shannon G. Denmark* (DC 1617283) | Atlanta, GA 30305 |
| LEHOTSKY KELLER COHN LLP | (512) 693-8350 |
| 200 Massachusetts Avenue, NW, Suite 700 | jared@lkcfirm.com |
| Washington, DC 20001 | Joshua P. Morrow* (TX 24106345) |
| (512) 693-8350 | LEHOTSKY KELLER COHN LLP |
| steve@lkcfirm.com | 408 W. 11th Street, 5th Floor |
| scott@lkcfirm.com | Austin, TX 78701 |
| jeremy@lkcfirm.com | (512) 693-8350 |
| shannon@lkcfirm.com | josh@lkcfirm.com |

*\*admitted pro hac vice*

*Attorneys for Plaintiff NetChoice*

## Certification of Compliance

The undersigned hereby certifies that this notice has been prepared using Microsoft Office version 2501 (2025) and Times New Roman 14-point font in accordance with Local Civil Rules 5.1(C) and 7.1(D).

Dated: June 24, 2025

Respectfully submitted,

*/s/ Jared B. Magnuson*
Jared B. Magnuson (GA 131189)
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305
(512) 693-8350
jared@lkcfirm.com

## Certification of Service

The undersigned hereby certifies that the foregoing was filed electronically via the Court's CM/ECF system.

Dated: June 24, 2025

Respectfully submitted,

*/s/ Jared B. Magnuson*
Jared B. Magnuson (GA 131189)
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305
(512) 693-8350
jared@lkcfirm.com